UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY Y. HERRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00879-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO NAME THE STATE OFFICER HAVING CUSTODY, FAILURE TO EXHAUST STATE REMEDIES AND FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

　　　　Petitioner Johnny Y. Herrera ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a sentence imposed upon him in state court. *Id*. at 2. Petitioner claims his sentence should be reduced. *Id*. at 3-4, 7-8. For the reasons set forth below, the undersigned recommends that the petition be dismissed with leave to amend.

**Preliminary Screening**

　　　　Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Habeas corpus petitions by pro se petitioners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss

1

a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Background**

Petitioner filed the instant petition on July 25, 2024.  (Doc. 1).  He provided his place of confinement as "SATF Corcoran" but left the name of the respondent blank.  *Id.*  According to Petitioner's allegations, in July 2023, he was convicted of burglary and sentenced to four years in jail.  (Doc. 1 at 6).  Petitioner alleges that "the courts gave me 4 yrs  w/ half time credits served … I wanted to know how I can get released from prison sooner. The Board of Prison Terms is the company that determines when I get released from prison.  They also said that the Board of Prison Terms qualified me for the non-violent offenders program for me to be released earlier than my current date!  Please help me talk to someone about whats going to be going on w/ my new release date."  *Id.* at 1, 7-8.

On the 28 U.S.C. § 2254 Petition Form AO-241, under numbers 1 and 2, Petitioner left the name and location of the court which entered the judgment of conviction blank, as well as the date of conviction.  Under numbers 3 and 4, Plaintiff provided the length of sentence as "4 yrs. [sic] w/ half time" for an offense of "[b]urgly [sic]."  Under number 8, Petitioner answered that he did not appeal from the judgment of conviction.  *Id.* at 1.  Under number 9, Petitioner left subsections (a) through (d) blank, which ask about an appeal of the original conviction.  *Id.* at 2.  Petitioner stated under subsection (e), which asks for information on a further appeal beyond an initial appeal, that he sought review by "Kern County Superior Court."  *Id.*  However, Petitioner may be referring to the court of his original conviction, rather than an appeal.  Under number 10, Petitioner indicated he had not filed any other petitions, applications, or motions with respect to the judgment at issue in any state or federal

2

court. *Id.* at 2.  Under number 11, subsection (c), Petitioner marks "Yes" under subpart (1) as to having appealed to the highest state court having jurisdiction; however, he then provides under subsection (d), which asks why Petitioner did not appeal from the adverse action, the following: "Take lesser time served off my sentence." *Id.* at 3.

**Jurisdiction**

The rules governing relief under 28 U.S.C. § 2254 require petitioners to name the "state officer having custody" of them as the respondent. *See* Rules Governing § 2254, Rule 2(a).  Typically, this person is "the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994) (per curiam) (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam)).  Failure to name the correct respondent deprives federal courts of personal jurisdiction. *Id.*

Though typically the warden of the custodial institution is named, the rules following section 2254 do not specify the warden.  According to the advisory committee's note, the "state officer having custody" may be "either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Rules Governing § 2254, Rule 2(a), advisory committee note to Subdivision (a).

The note describes examples of proper respondents in given situations.  Where a petitioner is in custody due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)." *Id.*, advisory committee note to Subdivision (b).  Where the petitioner is on probation or parole, they may name their parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Id.*  In other cases, the petitioner may name the state attorney general. *Id.*  The note contemplates a variety of possible respondents, including multiple respondents.

"In a § 2254 habeas petition, the immediate custodian is named as a respondent in his or her official capacity, as the state official legally responsible for the petitioner's continued detention. Because the custodian is the state's agent—and the state is therefore the custodian's principal—the state may waive the lack of personal jurisdiction on the custodian's behalf." *Smith v. Idaho*, 392 F.3d 350, 355–56 (9th Cir. 2004) (citing *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996)).

**Discussion**

    **A.  Petitioner Has Failed to Name the State Officer Having Custody**

Petitioner has not named any individual as the respondent in this action and the Court has received no indications of any waiver of lack of personal jurisdiction from the state of California, where the facility Petitioner is held is located.  As such, this Court lacks personal jurisdiction over the action.

    **B.  Petitioner Has Failed to Exhaust His Remedies**

Petitioner has failed to assert a claim cognizable in a petition for writ of habeas corpus. Specifically, Petitioner fails in his habeas corpus petition to show he exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)).  When none of a petitioner's claims have been presented to the highest state court as required, the Court must dismiss the petition.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims … it may simply dismiss the habeas petition for failure to exhaust.").

In this case, notwithstanding Petitioner's contradictory claims in his petition, Petitioner has not clearly alleged that he has made any filing to any state appellate court, let alone the highest court of a state.  The Court cannot consider a petition that is entirely unexhausted.  *Rose*, 455 U.S. at 521-22; *see Clark v. Shirley*, No. 2:20-cv-11167-JVS-PD, 2021 WL 6752164, at *4 n.4 (C.D. Cal. Nov. 15, 2021), *report and recommendation adopted*, 2022 WL 279007 (C.D. Cal. Jan. 31, 2022) (dismissing habeas petitioner's unexhausted claim).

### C. Petitioner Has Failed to State a Claim for Relief

Next, Petitioner has failed to state a claim for relief. A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state error was "so arbitrary and capricious as to constitute an independent due process…violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citation omitted); *see Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (citation omitted); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) ("Whether a state court properly construed or applied state sentencing law is a question of state law not subject to federal habeas review."); *Nelson v. Biter*, 33 F. Supp.3d 1173, 1177 (C.D. Cal. 2014) (same) (citations and quotations omitted).

Here, construing the petition liberally, Petitioner appears to claim his due process rights were violated because his underlying sentence was too long. *See id*. (Doc. 1 at 4). While Petitioner makes a vague assertion that his due process rights were violated, he has not alleged facts to show that any alleged state law error was so arbitrary and capricious to amount to an independent due process violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining that petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

Because the petition fails to allege anything more than a possible error in the application by the state court of state sentencing laws, it necessarily fails to state a cognizable federal habeas claim. *See Christian*, 41 F.3d at 469; *Miller*, 868 F.2d at 1118–19; *Nelson*, 33 F. Supp.3d at 1177. Leave to amend the petition is not warranted given that such error cannot be remedied by amendment. *E.g.*, *McCavitt v. Covello*, No. 2:22-cv-01926 KJM KJN P, 2022 WL 17813204, at *3 (E.D. Cal. Dec. 12, 2002) (recommending dismissal of petition with prejudice based on its non-cognizable claim of sentencing error), *F&R adopted*, 2023 WL 2602019 (Mar. 22, 2023) ("Petitioner cannot amend his claim challenging a state court's application of state sentencing laws to state a cognizable federal

claim."); *Costales v. Hartley*, No. 1:09–cv–01702–DLB (HC), 2009 WL 3673078, at *1-2 (E.D. Cal. Nov. 3, 2009) (same); *Joseph v. Runnels*, No. CIV S-05-0938 FCD DAD P, 2007 WL 570237, at *1-2 (E.D. Cal. Feb. 21, 2007) (same), *F&R adopted*, 2007 1725673 (June 14, 2007).

**Conclusion and Recommendation**

Petitioner has not returned his form consenting or declining as to magistrate judge jurisdiction, as was mailed to him six (6) days after his filing of the petition. (Doc. 5). Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge.

For the foregoing reasons, it is HEREBY RECOMMENDED that the petition for habeas corpus be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 15, 2024**                              _____
                                                           UNITED STATES MAGISTRATE JUDGE