UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HERRERA,<br><br>        Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>        Respondent. | Case No. 1:24-cv-00879-KES-CDB (HC)<br><br>ORDER ON MOTION FOR STATUS<br><br>ORDER EXTENDING TIME *NUNC PRO TUNC* TO FILE OBJECTIONS TO FINDINGS & RECOMMENDATIONS<br><br>(Docs. 8, 9)<br><br>**30-DAY DEADLINE**<br><br><u>Clerk of the Court to Effect Service of Doc. 8</u> |

**Background**

On July 25, 2024, Petitioner Johnny Herrera initiated this action with the filing of a petitioner for writ of habeas corpus. (Doc. 1). On October 15, 2024, the undersigned issued findings and recommendations to dismiss the petition for failure to state a cognizable claim and granted Petitioner 21 days to file objections thereto. *See* (Doc. 8). Petitioner has not filed objections.

Pending before the Court is Petitioner's "motion for status," filed on November 13, 2024. (Doc. 9). In his motion, Petitioner asks "what [does he] have to do to take [himself] back to court and try to ask the District Attorney to lessen [his] prison [sentence]." He states he has "read the

Habeas Corpus [sic] and it stated that [he needs] the court to conduct a preliminary review.  And also stated that [he needs] to have someone to represent him].” *Id.* at 1 (emphasis in original).  Petitioner seeks that the "appropriate office support [him] w/ as much information as possible" and asks where "to get help" to take "[himself] to court" for a reduced sentence of prison time. *Id.* at 2.

Though it is unclear from his filing whether Petitioner seeks appointment of counsel, insofar as he does, there is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).  However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id.* at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition.  *See* Habeas Rules 6(a) and 8(c).

The Court finds Petitioner has not shown any exceptional circumstances warrant the appointment of counsel at this stage.  Therefore, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

Regarding the current posture of this case, the time to file objections to the pending findings and recommendations has run, including additional time allowed for service by mail under Federal Rule of Civil Procedure 6(d), and Petitioner has not filed any objections.  As Petitioner's motion is undated (*see* Doc. 9), the Court is uncertain as to when he prepared it.  Though Petitioner does not make an explicit request for an extension of time, nevertheless, in light of Petitioner's apparent unfamiliarity with the case posture, the Court finds good cause to

grant an extension of time *nunc pro tunc* for Petitioner to prepare and filed objections to the pending findings and recommendations (Doc. 8).  Petitioner shall have an additional 30 days from the date of service of this order to file any objections.

**Conclusion and Order**

Accordingly, with good cause appearing, Petitioner's motion for status (Doc. 9) is HEREBY GRANTED.

It is FURTHER ORDERED that Petitioner shall have 30 days from the date of service of this order to file objections to the pending findings and recommendations (Doc. 8).

The Clerk of the Court is directed to include with its service copy upon Petitioner of this order a copy of the findings and recommendations (Doc. 8).

IT IS SO ORDERED.

Dated:   **November 15, 2024**

UNITED STATES MAGISTRATE JUDGE